**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | |
| **Aly Marino,** | : | **Chapter 7** |
| | : | |
| | : | **Case No.  25-10524 (PMM)** |
| | : | |
| | : | |
| **Debtor.** | : | |

## ORDER REGARDING REAFFIRMATION AGREEMENT

**AND NOW, WHEREAS,** Pennymac Loan Services, LLC filed a reaffirmation agreement (the "Reaffirmation Agreement"), doc. # 12, with the Debtor;

**AND**, it appearing that an attorney represented the Debtor during the course of negotiating the Reaffirmation Agreement;

**AND**, the attorney having filed a certification that the Debtor was counseled in accordance with 11 U.S.C. §524(c)(3);

**AND**, the Debtor having acknowledged in writing receipt of the disclosures described in 11 U.S.C. §524(k) at or before the time the Debtor signed the Reaffirmation Agreement;

**AND**, there being no material difference between the income and expenses disclosed by the Debtors pursuant to 11 U.S.C. §524(k)(6)(A) and the income and expenses stated on Schedules I and J;

**AND**, the Reaffirmation Agreement seeking to reaffirm a mortgage;

It is hereby **ORDERED** that:

1. No hearing on reaffirmation is necessary.  See 11 U.S.C. §§ 524(d) & (m).

2. Court approval of the Reaffirmation Agreement is unnecessary. See 11 U.S.C. §524(c) (not conditioning enforceability of reaffirmation agreement on court approval); 11 U.S.C. §524(c)(6)(A) (requiring court approval of Reaffirmation Agreement only upon certain conditions); 11 U.S.C. §524(m)(1) (the court "shall" review presumption of undue hardship if it arises).

Dated: 3/18/25

*/s/ Patricia M. Mayer/*

**PATRICIA M. MAYER**
**U.S. BANKRUPTCY JUDGE**