United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 25-10524-pmm |
| Aly Marino | Chapter 7 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 1 |
| Date Rcvd: Mar 18, 2025 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 20, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Aly Marino, 2725 Salmon Street, Philadelphia, PA 19134-5604 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 20, 2025        Signature:        /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 18, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| DENISE ELIZABETH CARLON | on behalf of Creditor PENNYMAC LOAN SERVICES LLC bkgroup@kmllawgroup.com |
| MICHAEL A. CATALDO | on behalf of Debtor Aly Marino mcataldo@gsbblaw.com bkdocs@gsbblaw.com;cataldo.michaelr112072@notify.bestcase.com |
| ROBERT H. HOLBER | trustee@holber.com rholber@ecf.axosfs.com |
| ROBERT H. HOLBER | on behalf of Trustee ROBERT H. HOLBER trustee@holber.com rholber@ecf.axosfs.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |

TOTAL: 5

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | |
| **Aly Marino,** | : | **Chapter 7** |
| | : | |
| | : | **Case No.   25-10524 (PMM)** |
| | : | |
| | : | |
| **Debtor.** | : | |

### ORDER REGARDING REAFFIRMATION AGREEMENT

**AND NOW, WHEREAS,** Pennymac Loan Services, LLC filed a reaffirmation agreement (the "Reaffirmation Agreement"), doc. # 12, with the Debtor;

**AND**, it appearing that an attorney represented the Debtor during the course of negotiating the Reaffirmation Agreement;

**AND**, the attorney having filed a certification that the Debtor was counseled in accordance with 11 U.S.C. §524(c)(3);

**AND**, the Debtor having acknowledged in writing receipt of the disclosures described in 11 U.S.C. §524(k) at or before the time the Debtor signed the Reaffirmation Agreement;

**AND**, there being no material difference between the income and expenses disclosed by the Debtors pursuant to 11 U.S.C. §524(k)(6)(A) and the income and expenses stated on Schedules I and J;

**AND**, the Reaffirmation Agreement seeking to reaffirm a mortgage;

It is hereby **ORDERED** that:

1. No hearing on reaffirmation is necessary.  See 11 U.S.C. §§ 524(d) & (m).

2. Court approval of the Reaffirmation Agreement is unnecessary. <u>See</u> 11 U.S.C. §524(c) (not conditioning enforceability of reaffirmation agreement on court approval); 11 U.S.C. §524(c)(6)(A) (requiring court approval of Reaffirmation Agreement only upon certain conditions); 11 U.S.C. §524(m)(1) (the court "shall" review presumption of undue hardship if it arises).

Dated: 3/18/25

*/Patricia M. Mayer/*

**PATRICIA M. MAYER**
**U.S. BANKRUPTCY JUDGE**